**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-30372

RUSSEL SENEGAL, JR.,

                                                                Plaintiff-Appellant,

versus

STULLER SETTINGS INC, improperly named Stuller Settings

                                                                Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
No. 97-CV-2468

April 11, 2000

Before KING, Chief Judge, REAVLEY, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Plaintiff-Appellant Russel Senegal, Jr. ("Senegal") appeals the grant of summary judgment in favor of Stuller Settings ("Stuller"), in this race discrimination in employment suit. We affirm the district court's judgment having found no evidence that racial animus was the impetus for Senegal's discharge.

        We review the grant or denial of a motion for summary judgment *de novo.* See Long v. Eastfield College, 88 F.3d 300, 304 (5th Cir. 1996). In an employment discrimination case, we focus

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on whether a genuine issue exists as to whether the defendant intentionally discriminated against the plaintiff. Allegations alone are inadequate to satisfy the burden the non-movant shoulders, thus it is incumbent upon the non-moving party to present evidence that racism motivated the adverse employment action.

It is undisputed that Senegal was repeatedly disciplined, as many as sixteen times, for misconduct in the workplace, despite his ability to perform his job in an exemplary fashion. Senegal's infractions ranged from tardiness and absences to numerous incidents of "clowning around" and "bully behavior". The record indicates that horseplay by workers was prevalent in the assembly department at Stuller. There is however, ample evidence that Stuller equally applied to all employees a structured progressive discipline policy which began with warning an employee and devising an improvement plan, and would escalate to probation, suspension, issuance of a final warning and ultimately termination. Senegal was eventually terminated for causing "disharmony in the work place" when he, after having been placed on probation for tardiness, and after receiving a final warning for five past incidents of misconduct, engaged in a public altercation with manager Dwane Thibodeaux. Senegal was terminated in accordance with the terms of his probation for violating an established company policy. Thus, Senegal's only grievance is that he was discriminated against in his termination, in that there was disparate treatment in his discharge. As for Senegal's disparate treatment termination claim which involves the violation of a work rule, to establish a *prima facie* case, the plaintiff must show: membership in a protected group, qualification for the position held, termination, and either, that the individual did not violate the work rule, or that similarly situated white employees who engaged in the same conduct were not punished similarly.

Senegal does not fulfill his burden of proving that similarly situated white employees were treated differently than him. His counsel points to the conduct of Dwane Thibodeaux and Randal Rodriguez. Thibodeaux was a manager at Stuller and was involved in the altercation which lead to Senegal's termination. He was not on probation at the time, but after the incident he was placed on probation, suspended without pay for three days, and issued a final warning. Later while on probation, Thibodeaux was involved in another dispute with Randal Rodriguez. Nothing in the

record indicates that Rodriguez was on probation at the time. Nevertheless, for that incident Thibodeaux was subsequently discharged, and Rodriguez was suspended. Therefore, neither Thibodeaux nor Rodriguez were similarly situated, as Senegal had been issued a final warning prior to the altercation and was on probation at the time, and both Thibodeaux and Rodriguez were punished for their actions.

Senegal presents no evidence that similarly situated white employees were not punished similarly to him, and thus he fails to establish a *prima facie* showing of discrimination. We find that Senegal has failed to meet his burden to show that racial animus was the reason he was terminated from Stuller. AFFIRMED.